IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KNGSLEY ARIEGWE,<br><br>      Petitioner,<br><br>   vs.<br><br>DIMITRI GODFREY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>      Respondents. | CV 24-74-GF-DWM<br><br><br>ORDER |

On August 21, 2024, Petitioner Kingsley Ariegwe ("Ariegwe"), a state prisoner proceeding pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 15)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because this Court lacks jurisdiction over Ariegwe's successive petition,

1

the matter will be dismissed.

    **i.**    **Motion for Leave to Proceed in Forma Pauperis**

Ariegwe also seeks leave to proceed in forma pauperis. (Doc. 3.) Because his account statement indicates he lacks sufficient funds to pay the filing fee associated with this matter, the motion will be granted. *See* (Doc. 3-1.)

    **ii.**    **28 U.S.C. § 2254 Petition**

The present petition is the eleventh one Ariegwe has filed in this Court. He filed the first in 2008. That petition, which challenged his 2004 conviction for attempted sexual intercourse without consent and unlawful transactions with minors, was dismissed with prejudice for lack of merit. *See Ariegwe v. State*, Cause No. CV 08-79-GF-SEH, Judg. (D. Mont. Apr. 21, 2009). Ariegwe's next habeas petition was filed in 2011 and was dismissed as second or successive. *Ariegwe v. Mahoney*, Cause No. CV 11-79-H-DWM, Judg. (D. Mont. Aug. 31, 2011). In 2012, Ariegwe filed two habeas petitions; both were dismissed as unauthorized third and fourth successive petitions, respectively. *Ariegwe v. Kirkegard*, Cause No. CV 12-37-GF-SEH, Judg. (D. Mont. June 13, 2012); *Ariegwe v. Kirkegard*, Cause No. CV 12-101-GF-SEH, Judg. (D. Mont. Dec. 17, 2012). In 2013, Ariegwe filed his fifth petition challenging the 2004 conviction. *Ariegwe v. Kirkegard*, Cause No. CV 13-91-GF-DWM, Judg. (D. Mont. Nov. 12, 2013). He was again advised that this Court lacks jurisdiction to consider

successive challenges to a conviction and that the Ninth Circuit would need to pre-authorize the filing of a successive petition before this Court could consider it under 28 U.S.C. § 2244(b)(3)(A). Ariegwe's sixth challenge to his conviction was, likewise, dismissed and this Court informed him:

> Even if Mr. Ariegwe could prove his innocence to this Court beyond a shadow of a doubt...this Court would still lack jurisdiction to hear his case unless and until Mr. Ariegwe obtains leave from the Court of Appeals to file in this Court.

Rec. and Or. at 2, *Ariegwe v. Kirkegard*, Cause No. CV 14-60-GF-DLC-RKS (Sept. 22, 2014). Ariegwe proceeded to file four more habeas petitions in this Court; all were dismissed for lack of jurisdiction. *Ariegwe v. Kirkegard*, Cause No. CV 15-96-GF-DLC, Judg. (D. Mont. Oct. 30, 2015); *Ariegwe v. Kirkegard*, Cause No. CV 16-23-GF-DLC, Judg. (D. Mont. March 22, 2016); *Ariegwe v. Bludworth et al.*, Cause No. CV 22-34-GF-BMM, Judg. (D. Mont. Aug. 4, 2022); *Ariegwe v. Bludworth*, Cause No. CV-23-48-GF-BMM, Judg. (D. Mont. Aug. 16, 2023).

Ariegwe recently filed a motion for a new trial in the state district court. He relied upon a decision handed down in *State v. Hinkle*, Cause No. BDC-22-242, in which the state district court found that the Cascade County Clerk of Court and Sheriff had improperly notified and served the pool of jurors in the 2023 jury pool. Based upon this structural error, Hinkle was granted a new trial.

In denying Ariegwe's motion for a new trial, the state district court found

that because twenty years had elapsed from the time of Ariegwe's trial, his motion was untimely. *See State v. Ariegwe*, Cause No. BDC-03-052, Or. at *1-2 (filed Feb. 22, 2024)(*citing* Mont. Code Ann. § 46-16-702).[1]  The court also observed that the issues identified with the 2023 jury pool were the result of practices initiated in 2023 and that Ariegwe provided no evidence that there were similar issues with his 2004 jury pool. *Id.* at *2.  Moreover, the court noted that Ariegwe and counsel were free to investigate the formation of the jury pool and the specific jury panel before trial, as the lawyers in *Hinkle* did. *Id.* at *3.  Ariegwe failed to present new "evidence" to support his motion, aside from his own speculative arguments about past jury empanelment.  Further, he did not show that his failure to investigate was not a result of his own lack of diligence or that he would have discovered material support for his claim. *Id.*  Ariegwe's motion for a new trial was denied.

Ariegwe filed an appeal.  The Montana Supreme Court concluded that the appeal was improper.  After summarizing Ariegwe's extensive filing history, the Court noted it had affirmed the district court's denial of a motion for a new trial in 2007:

> Ariegwe has had his day in court.  He cannot resurrect his criminal proceeding with an untimely motion in the sentencing court nor raise an issue that this Court has addressed previously...Ariegwe has exhausted all his claims in the District Court and this Court.  He has,

---

[1] Ariegwe attached a copy of this order to his petition. *See* (Doc. 2-2).

thus, exhausted his remedies concerning his 2004 conviction and sentence.

*State v. Ariegwe*, DA 24-0135, Or. at 3 (Mont. May 29, 2024).[2]

Ariegwe again seeks to challenge his 2004 conviction in this Court and raises claims of structural error relative to the selection of the jury pool (Doc. 1 at 4); *see also* (Doc. 2 at 14-27.) He also alleges trial counsel was ineffective for failing to object to the prosecution's purported systematic exclusion of minorities from his Cascade County jury pool. (*Id.* at 5, 10-11); *see also* (Doc. 2 at 27-34.) Ariegwe asks that his conviction be vacated and that the matter remanded for a new trial. (Doc. 1 at 14.)

As set forth above, Ariegwe has been repeatedly advised of the relevant filing requirements in federal habeas proceedings. Despite Ariegwe's belief to the contrary, this Court still lacks jurisdiction to consider new challenges to his 2004 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). Absent such authorization, Ariegwe may not proceed in this Court, regardless of any recent developments in state law.

### iii.    Certificate of Appealability

---

[2] Ariegwe attached a copy of this order to his petition. *See* (Doc. 2-3).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ariegwe has not made a substantial showing that he was deprived of a constitutional right. Moreover, there is no doubt that this Court lacks jurisdiction over the successive filing. A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

1. Ariegwe's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court is directed to waive the filing fee.

2. Ariegwe's Petition (Doc. 1) is DISMISSED for lack of jurisdiction as an unauthorized successive petition under 28 U.S.C. § 2254.

6

3.  The Clerk of Court is directed to enter a judgment of dismissal.

4.  A certificate of appealability is DENIED.

DATED this 28th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court